IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SENATOR JONATHAN LINDSEY,
SENATOR JAMES RUNESTAD,
REPRESENTATIVE JAMES DESANA,
REPRESENTATIVE RACHELLE SMIT,
REPRESENTATIVE STEVE CARRA,
REPRESENTATIVE JOSEPH FOX,
REPRESENTATIVE MATT MADDOCK,
REPRESENTATIVE ANGELA RIGAS,
REPRESENTATIVE JOSH SCHRIVER,
REPRESENTATIVE NEIL FRISKE,
AND REPRESENTATIVE BRAD PAQUETTE,

**COMPLAINT**

FILE NO: _____

Plaintiffs,

-vs-

GRETCHEN WHITMER, IN HER OFFICIAL CAPACITY
AS GOVERNOR OF MICHIGAN, OR HER SUCCESSOR;
JOCELYN BENSON, IN HER OFFICIAL CAPACITY
AS MICHIGAN SECRETARY OF STATE, OR HER
SUCCESSOR, AND JONATHAN BRATER, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF
ELECTIONS, OR HIS SUCCESSOR,

Defendants.

| | |
|---|---|
| Erick G. Kaardal          (MN No. 229647)<br>MOHRMAN, KAARDAL & ERICKSON, P.A.<br>150 South Fifth Street, Suite 3100<br>Minneapolis, Minnesota 55402<br>kaardal@mklaw.com<br>*Attorneys for Plaintiffs* | David A. Kallman    (P34200)<br>Stephen P. Kallman   (P75622)<br>GREAT LAKES JUSTICE CENTER<br>5600 W. Mount Hope Hwy, Suite 2<br>Lansing, MI  48917<br>dave@greatlakesjc.org<br>steve@greatlakesjc.org<br>*Attorneys for Plaintiffs* |

1

Plaintiffs, by and through their undersigned counsel, respectfully allege and represent the following for their Complaint.

1.  Plaintiffs, all Michigan state legislators, seek a declaratory judgment under 42 U.S.C. §§ 1983, 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, to prevent the future use of petition-and-state-ballot-proposals under Michigan Constitution, Art. XII, Sec. 2, to amend the Michigan Constitution to regulate times, places, and manner of federal elections. The acts are an unconstitutional usurpation of state legislator's rights to participate in law-making decisions under the Elections Clause, U.S. Const., Art. 1, Sec. 4, Cl. 1. Additionally, Plaintiffs seek a declaration that the 2018 and 2022 constitutional amendments, enacted pursuant to Michigan Constitution, Art. XII, Sec. 2, have no legal effect on the state legislators enacting laws, subject to the Governor's veto power, to regulate times, places and manner of federal elections.

2.  Under the Elections Clause, the state legislature is "the entity assigned particular authority by the Federal Constitution." *Moore v. Harper*, 143 S Ct 2065, 2084 (2023).

3.  The petitioning and state ballot processes to amend the Michigan Constitution under Article XII, Section 2, when used to regulate the times, places, and manner of federal elections are per se violations of legislators' federal rights under the Elections Clause because the state legislators are not involved.

4.  When state constitutional amendments, which affect the times, places, and manner of federal elections, are enacted by petition-and-state-ballot-proposals, as occurred in 2018 and 2022, the constitutional amendments and process of enactment violate the

2

legislators' federal rights under the Elections Clause.

5. Such petitioning or state ballot processes, when the legislators are excluded from those processes, undermines the state legislature as "the entity assigned particular authority by the Federal Constitution" to regulate the time, place, and manner of federal elections.

6. Plaintiffs seek declaratory and injunctive relief to preserve their federal rights as state legislators under the Elections Clause to exercise their federal constitutional authority regarding all laws that regulate the times, places, and manner of federal elections subject only to Congressional enactments.

7. Plaintiffs bring this action for these express purposes:

   A. for a declaration that the constitutional ballot or petitioning proposals to enact constitutional amendments to the Michigan Constitution and the acts of Defendants in enforcing the amendments governing federal elections are unconstitutional, violate the legislators' federal rights, and violate established laws; and,

   B. for injunctive relief barring the enforcement of the ballot or petitioning proposals to amend the Michigan Constitution to regulate federal elections—in violation of the Election Clause.

8. The legal question in this case is whether the process under the Michigan Constitution, Article XII, Section 2, for amendment by petition-and-state-ballot-proposal, when applied to amend Michigan's constitutional provisions to regulate the times, places, and manner of federal elections, violates the state legislators' rights by usurping their

legislative power under the Elections Clause because the direct democracy process involves no involvement or approval by the state legislators.

9. If the answer to this legal question is "yes," then the next question is whether the 2018 and 2022 constitutional amendments, enacted pursuant to Michigan Constitution, Art. XII, Sec. 2, have any legal effect on the state legislators enacting laws, subject to the Governor's veto power, to regulate times, places, and manner of federal elections.

## JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States.

11. This Court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 2202.

12. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Honorable Court.

13. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to Plaintiffs' claims occurred in the State of Michigan.

## PARTIES

14. Plaintiffs, Senator Jonathan Lindsey, Senator James Runestad, Representative James DeSana, Representative Rachelle Smit, Representative Steve Carra, Representative Joseph Fox, Representative Matt Maddock, Representative Angela Rigas, Representative Josh Schriver, Representative Neil Friske and Representative Brad Paquette are all Michigan Legislators. All Plaintiffs are elected officials who represent constituents within their

respective legislative districts and each is responsible, on behalf of their constituents, for the drafting or passage of laws for enactment, including election laws affecting elections of federal officials. Plaintiffs are also voters and taxpayers in Michigan.

15. Defendant Gretchen Whitmer is the Governor of Michigan. She is the chief executive officer for the State of Michigan with the duty to execute and enforce the law.

16. Defendant Jocelyn Benson is the Michigan Secretary of State. She is the chief election official for the State of Michigan. The secretary of state is the chief election officer of the state and has supervisory control over local election officials in the performance of their election duties (M.C.L. § 168.21).

17. Defendant Jonathan Brater is the Director of Elections. As such, he is vested with the powers and performs the duties of the Secretary of State under her supervision, with respect to the supervision and administration of the election laws.

15. The above-named Defendants or their successors are sued in their official capacity only for prospective declaratory and injunctive relief.

## FACTUAL ALLEGATIONS

16. The state legislature is "the entity assigned particular authority by the Federal Constitution."

17. The Elections Clause states: "The Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." U.S. Const., Art. 1, Sec. 4, Cl. 1.

18. The Michigan Constitution Article IV, section 1, provides that legislative

power is vested in the senate and house of representatives.

19. The Michigan Constitution vests the legislative power in the state senate members and house of representatives members, including the right to regulate the times, places, and manner of federal elections.

20. Therefore, under the Elections Clause and the Michigan Constitution, the Michigan state legislators, as part of two associations called the senate and house of representatives, respectively, must enact laws, subject to the Governor's veto, to regulate the times, places, and manner of federal elections subject only to Congressional enactments.

21. Thus, Plaintiffs, as state legislators, have federal rights under the Elections Clause, U.S. Constitution, Article I, section 4, clause 1, to oversee and participate in making legislative decisions regulating the times, places, and manner of federal elections.

22. Under the Elections Clause, Congress can enact federal laws preempting state legal provisions regulating the times, places, and manner of federal election.

23. But, Congressional enactments are the only exception in the Elections Clause to the state legislators' federal rights to oversee and participate in making legislative decisions regulating the times, places, and manner of federal elections.

24. The Michigan Constitution has an amendment procedure which involves petition-and-state-ballot-proposal, but does not involve state legislative approval.  Mich. Const., Art. XII, Sec. 2.

25. Citizen action, through the petition, can be used to amend the state constitution.

26. In the case of proposed constitutional amendments, signatures of registered

6

voters must equal at least 10 percent of the number of votes cast for all candidates in the last gubernatorial election in order for the matter to go before the electorate.

27. Petitions seeking amendments to the state's constitution are filed with the Secretary of State.

28. The petition signatures, which must be filed at least 120 days prior to the election, must conform to provisions specified in the Michigan election law.

29. After the correct number of valid signatures and their sufficiency are ascertained, the proposed amendment to the constitution is placed on the ballot by Defendants as a ballot proposal to be considered by Michigan voters.

30. The measure must be placed on the ballot at least 60 days prior to the election.

31. Any proposal that is approved by a majority of voters voting on the ballot proposal becomes part of the constitution and goes into effect 45 days after the date at which it was approved.

32. After a constitutional provision regulating federal elections goes into effect, Defendants, as Michigan's state election officials, implement the constitutional provisions regulating federal elections.

33. 2018 Michigan Ballot Proposal 3 ("Proposal 3") was a citizen-initiated ballot initiative approved by voters in Michigan as part of the 2018 United States elections.

34. The proposal reformed Michigan elections by protecting the right to a secret ballot, ensuring access to ballots for military and overseas voters, adding straight-ticket voting, automatically registering voters, allowing any citizen to vote at any time, provided they have a proof of residency, allowing access to absentee ballots for any reason, and

auditing election results.

35. The measure regulated the times, places and manner of federal elections by amending Section 4 of Article II of the Michigan Constitution. In the attached Exhibit A, the underlined text was added and the struck-through text was deleted. The constitutional provisions regulate the times, places, and manner of federal elections.

36. The proposal was approved with 67% of the vote.

37. State legislative approval was not obtained for 2018 Proposal 3 because it was not legally required under the Michigan Constitution.

38. In 2022, Michigan Ballot Proposal 2, the Right to Voting Policies Amendment, and also known as Promote the Vote ("Proposal 2") was a citizen-initiated proposed constitutional amendment in the state of Michigan, which was voted on as part of the 2022 Michigan elections.

39. The amendment changed voting procedures in the state with the stated goal of making it easier to vote.

40. Various voting rights advocacy groups gathered 669,972 signatures, enough for the amendment to be placed on the 2022 ballot.

41. On August 31, 2022, the Board of State Canvassers, responsible for determining whether candidates and initiatives should be placed on the ballot, deadlocked 2-2, with challengers arguing that the ballot title of the initiative was misleading.

42. On September 9, 2022, the Michigan Supreme Court ruled that the initiative should be placed on the November ballot.

43. The ballot measure regulated the times, places and manner of federal elections

by amending Article 2, Section 4 and Section 7, of the Michigan Constitution. See attached Exhibit B. The constitutional provisions regulate the times, places, and manner of federal elections.

44. Proposal 2 was approved with 60% of the vote.

45. State legislative approval was not obtained for 2022 Proposal 2 because it is not legally required under the Michigan Constitution.

46. Citizen action, through the petition-and-state-ballot-proposal process without state legislative approval, used the processes to amend the Michigan Constitution that resulted in the regulation of the times, places, and manner of federal elections.

47. In both 2018 and 2022, the petition-and-state-ballot-proposal processes was used to amend the constitution to regulate the times, places, and manner of federal elections.

48. Similarly, in the future, those same petition-and-state-ballot-proposal processes could be used to amend the Michigan Constitution to regulate the times, places, and manner of federal elections.

## Count I
### Violation of the state legislators' federal rights under the U.S. Constitution's Elections Clause

49. Plaintiffs hereby incorporate by reference paragraphs 1 through 48 as if fully restated herein.

50. The process under the Michigan Constitution, Article XII, Section 2, for amendment by petition-and-state-ballot-proposal, when applied to amend Michigan's constitutional provisions to regulate the times, places, and manner of federal elections, violates the legislators' rights by usurping legislative power under the Elections Clause

9

because the direct democracy process involves no involvement or approval by the state legislators.

51. Consequently, the 2018 and 2022 constitutional amendments, enacted pursuant to Michigan Constitution, Art. XII, Sec. 2, have no legal effect on the state legislators enacting laws, subject to the Governor's veto power, to regulate times, places, and manner of federal elections.

52. The Michigan Constitution provides that the legislative power is vested in the senate and house of representatives (Mich. Const., Art. IV, sec. 1).

53. The Michigan Constitution vests the legislative power in the state senate and house of representatives to regulate the times, places, and manner of federal elections.

54. Therefore, under the Elections Clause and the Michigan Constitution, the Michigan state legislature, defined as senate and house of representatives, has the exclusive authority to enact laws, subject to the Governor's veto, to regulate the times, places, and manner of federal elections subject only to Congressional enactments.

55. However, the Michigan Constitution has an amendment procedure for petition-and-state-ballot-proposals without state legislative approval (Mich. Const., Art. XII, Sec. 2).

56. Citizen action, through the petition-and-state-ballot-proposal processes without state legislative actions to adopt those proposals through the legislative process, has been used to amend the constitution to regulate the times, places, and manner of federal elections.

57. Similarly, for 2024 and future elections, the petition-and-state-ballot-proposal

processes could be used to amend the constitution to regulate the times, places, and manner of federal elections.

58.     The petition-and-state-ballot-proposal constitutional amendment ballot questions regulating times, places, and manner of federal elections violate the Elections Clause because the Michigan state legislature did not vote and approve it as required under the Elections Clause.

59.     Accordingly, the 2018 and 2022 constitutional amendments, enacted pursuant to Michigan Constitution, Art. XII, Sec. 2, have no legal effect on the state legislature enacting laws, subject to the Governor's veto power, regarding the regulation of the times, places, and manner of federal elections.

60.     Plaintiffs have standing under applicable federal statutes and rules of civil procedure to seek a declaratory judgment and related injunctive relief.

61.     Defendants have supervisory control over local election officials for all elections and for the performance of their election duties for state-level ballot proposals such as the 2018 and 2022 state-level ballot proposal (MCL 168.21).

62.     Defendants are also responsible for enforcement of laws governing all elections, including federal elections. When petitioning or ballot proposal processes are enacted that circumvent or usurp the authority of the legislature and acts of Plaintiff legislators, Defendants support and enforce laws that violate the Elections Clause.

63.     Plaintiffs, as legislators, taxpayers, and voters are injured by Defendants when they support or enforce election laws that circumvent or usurp the authority of the legislature.

64. Defendants support and enforce laws that violate the Elections Clause because such enacted amendments are legally null-and-void under the Elections Clause when they directly or indirectly regulate federal elections.

65. Plaintiffs have individual legislator standing to challenge usurpation of state legislative powers.

66. The process under the Michigan Constitution (Article XII, Section 2) for amendment by petition-and-state-ballot-proposal, when applied to amend Michigan state constitutional provisions to regulate the times, places, and manner of federal elections, usurps the state legislators' powers under the Elections Clause.

67. Plaintiffs, as state legislators have federal rights under the Elections Clause U.S. Const., Art. 1, Sec. 4, Cl. 1, to oversee and participate in making legislative decisions regulating the times, places and manner of federal elections.

68. Under the Elections Clause, Congress can enact federal laws preempting state legal provisions regulating the times, places and manner of federal election.

69. But, Congressional enactments are the only exception in the Elections Clause to the state legislators' federal rights to oversee and participate in making legislative decisions regulating the times, places and manner of federal elections.

70. State constitutional processes to amend state constitutions affecting the times, places, and manner of federal elections, without legislative participation, including the debate and acts or actions of state legislators, is not an exception contemplated under the Elections Clause.

71. The process under the Michigan Constitution (Article XII, Section 2) for

amendment by petition-and-state-ballot-proposal, when applied to amend Michigan state constitutional provisions to regulate the times, places, and manner of federal elections, violates the legislators' federal rights under the Elections Clause.

72.     Defendants caused injury to Plaintiffs when they supported and enforced laws and when they support and enforce constitutional provisions enacted through the petitioning and ballot question processes that usurp the state legislature's powers and violate the state legislator's federal rights under the Elections Clause.

73.     Plaintiffs who draft, author, and support bills for passage in the state legislature are injured because the 2018 and 2022 constitutional amendments appear to be facially valid regulations, but are constitutionally invalid under the Elections Clause.

74.     The 2018 and 2022 constitutional amendments were not constitutionally enacted under the Elections Clause because state legislative approval and state legislator participation were not involved.

75.     The legal obstacle caused by the 2018 and 2022 constitutional amendments injures Plaintiffs when they draft, author, or support the enactment of laws to regulate federal elections.

76.     A controversy exists between Plaintiffs and Defendants on the issue of whether the 2018 and 2022 constitutional amendments are legally valid regulations of federal elections. Moreover, similar petitioning or ballot question initiatives can occur again in the future, hence, the controversy is continuing.

77.     Plaintiffs also have taxpayer standing to bring this lawsuit because Defendants use state funds to support and enforce current regulations governing federal elections as a

result of past amendments to the Michigan Constitution which are legally unauthorized under the Elections Clause, including the use of state funds for similar petitioning or ballot questions in the future that affect federal elections without legislator involvement.

78. Defendants cause injury to Plaintiffs when they supervise, fund, or otherwise support statewide referenda on such legally invalid ballot questions.

79. Plaintiffs as state legislators are uniquely injured by such illegal disbursement or illegal use of taxpayers funds because, if the referendum passes, there is a violation of the state legislators' federal rights under the Elections Clause.

80. Alternatively, the Plaintiffs also have standing as voters to bring this lawsuit under Michigan Constitution, Article 2, section 4 (a) (2022), if it were to be severed from the rest of the constitutional amendment, which waives sovereign immunity from lawsuits to enforce the rights created in the Michigan Constitution, Article 2, section 4 (a).

81. Plaintiffs are injured because, when such a referendum violating the Elections Clause is offered, Plaintiffs' personal vote in favor or against the referendum is wasted. There was no authority for such a referendum in the first place.

82. Defendants cause injury by unnecessarily burdening Plaintiffs' voting rights when they supervise, fund, or otherwise support statewide referenda on such legally invalid ballot questions.

83. Additionally, as to remedy, if the Plaintiffs prevail on their claim, Plaintiffs allege that the 2018 and 2022 constitutional amendment are not severable, so the 2018 and 2022 constitutional amendments, in their entirety, are constitutionally invalid.

14

**PRAYER FOR RELIEF**

For the reasons stated in this complaint, the Plaintiff Michigan Legislators request that this Court grant the following relief:

1. Enter a declaratory judgment that the use of the petition-and-state-ballot-proposal process under Michigan Constitution, Art. XII, Sec. 2, for regulation of times, places, and manner of federal elections is unconstitutional and violates the Elections Clause because the state legislature's approval and the state legislators' participation are not required, and that the process violated Plaintiffs' federal rights under the Elections Clause.

2. Issue an order granting injunctive relief enjoining Defendants from any actions funding, supporting, or facilitating the use of the petition-and-state-ballot-proposal process under the Michigan Constitution, Art. XII, Sec. 2, to regulate times, places, and manner of federal elections;

3. Enter a declaratory judgment that the 2018 and 2022 constitutional amendments, enacted pursuant to Michigan Constitution, Art. XII, Sec. 2, in their entirety, are constitutionally invalid, unenforceable, and have no legal effect on the state legislature enacting laws, subject to the Governor's veto power, to regulate times, places, and manner of federal elections;

4. Issue an order granting injunctive relief enjoining Defendants from any actions funding, supporting, or facilitating the use of the 2018 and 2022 constitutional amendments to regulate times, places, and manner of federal elections;

5. Issue a declaratory judgment that Plaintiffs have prevailed on a 42 U.S.C. § 1983 claim;

6. Grant Plaintiffs their reasonable attorney fees, costs, and expenses incurred and authorized under 42 U.S.C. § 1988; and

7. Grant such other and further relief as is just and appropriate.

Respectfully submitted,

**MOHRMAN, KAARDAL & ERICKSON, P.A.**

Dated: September 28, 2023.   /s/ *Erick G. Kaardal*
By:  Erick G. Kaardal        (MN No.229647)
*Attorney for Plaintiffs*
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
(612) 341-1074
kaardal@mklaw.com


**KALLMAN LEGAL GROUP, PLLC**

Dated: September 28, 2023.   /s/ *David A. Kallman*
By:  David A. Kallman        (P34200)
Stephen P. Kallman           (P75622)
*Attorneys for Plaintiffs*
5600 W. Mount Hope Hwy, Suite 2
Lansing, MI 48917
517-322-3207
dave@greatlakesjc.org
steve@greatlakesjc.org

16